UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBIN HEATH                                                                                    PLAINTIFF

v.                                         No. 5:20-CV-05220

BENTON COUNTY, ARKANSAS, et al.                                              DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff's motion (Doc. 9) to remand and brief (Doc. 10) in support. Defendants filed a notice (Doc. 11), response (Doc. 12), and brief (Doc. 13) in opposition. Plaintiff filed a reply (Doc. 16) with leave of Court. The motion will be granted.

Defendants filed a notice of removal on December 17, 2020. Title 28 U.S.C. § 1446(a), which controls procedure for the removal of civil actions, requires notices of removal to be accompanied by "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Defendants' notice of removal was not accompanied by a copy of the process served on Defendants. This defect is not jurisdictional, but procedural. Plaintiff therefore filed a timely motion to remand on January 8, 2021, within the 30-day limit imposed by 28 U.S.C. § 1447(c). It was only after Plaintiff filed her motion that Defendants filed copies of the process served in state court to cure the procedural defect.

Although remand for lack of subject matter jurisdiction is mandatory, the cases in the briefing make clear that remand because of a procedural defect is generally held to be discretionary. The Court believes the reasons to exercise that discretion in favor of remand weigh more heavily in this case. Remanding to the court in which Plaintiff chose to file her action deprives no party of resolution on the merits of its claims or defenses. Remand does not subject any defendant to a forum inconvenient to it or its witnesses, hostile to any defendant, incapable of

1

exercising jurisdiction over necessary parties, or incapable of applying federal law to the facts as alleged or discovered.

Original jurisdiction attached over this action and the parties in the courts of the State of Arkansas.  The removal statutes allow Defendants to invoke this Court's limited jurisdiction and divest state courts of their jurisdiction.  Where, as here, no real prejudice or inconvenience can plausibly result from requiring Defendants to strictly follow the process necessary for this Court to take away another court's jurisdiction, that strict compliance with process should be enforced in the service of comity.

IT IS THEREFORE ORDERED that Plaintiff's motion to remand (Doc. 9) is GRANTED and this case is REMANDED to the Circuit Court of Benton County, Arkansas.

IT IS SO ORDERED this 21st day of January, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE